UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE 134 PAC LLC, and CARLA SCHOONOVER individually, and in her capacity as Democratic County Chair of Palo Pinto County, Texas<br>　　　　　　　　　　　*Plaintiffs*<br>V.<br><br>TERRY LAN MURPHY II, BRANDON JOHNSON, and RUSSELL HESS<br>　　　　　　　　　　　*Defendants* | Case No. _____ |

## ORIGINAL COMPLAINT FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THIS COURT:

THE 134 PAC LLC, and CARLA SCHOONOVER, individually and in her capacity as Democratic County Chair of Palo Pinto County, Texas, Plaintiffs request injunctive relief against the Defendants TERRY LAN MURPHY II, BRANDON JOHNSON, and RUSSELL HESS from engaging in voter intimidation in violation of the Voting Rights Act of 1965 in Palo Pinto County.

### Introduction

1. Electioneering is as old as elections. Before, during and after elections, political candidates, parties, organizations, and individuals have the right to communicate with potential voters about their candidate, cause, or political party. But this right, like all rights, is not unlimited. There is a line between lawful electioneering and unlawful voter intimidation. Defendants have crossed that line. They have engaged in a repeated campaign of harassing and intimidating voters and violating state election laws over the last two elections in Palo Pinto County, Texas.

2. They first started their practice of voter intimidation during the March 4, 2024

primary election. As a direct result of their conduct and the environment they created, Palo Pinto County put new electioneering rules in place to prevent voter intimidation. It did not matter as Defendants continued to engage in harassment and intimidation of voters arriving at the County Annex to vote during the municipal election on May 4, 2024 in spite of those rules.

3. Plaintiffs have an interest in making sure that all voters in Palo Pinto County, Republican, Democratic or any other political party may cast their votes in the upcoming national election without fear of intimidation and harassment. They seek court intervention to end this illegal conduct.

### Jurisdiction and Venue

4. The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as this case arises under the laws of the United States, and under 28 U.S.C. § 1343(a)(4), as this case seeks equitable and other relief pursuant to an Act of Congress providing for the protection of the right to vote, namely 52 U.S.C. § 10307(b).

5. This Court has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Defendants.

7. Venue is proper in the Northern District of Texas, and in this Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred and will occur in this District and Division. All Plaintiffs and Defendants are located in this District and Division.

### Parties

8. The 134 PAC LLC is a Texas limited liability company duly organized and existing under the laws of the State of Texas, and is located and operates in Palo Pinto County,

2.

Texas. It operates as a General Political Action Committee under the laws of the State of Texas. known as The 134 PAC. Among other things, The 134 PAC advocates and works for expanding voting access and the protection of voting rights in rural Texas.

9. Carla Schoonover is an individual resident, and registered voter who lives and votes in Palo Pinto County, Texas. She is also the duly elected Democratic County Chair of Palo Pinto County, Texas and a member of The 134 PAC LLC.

10. Terry Lan Murphy II is an individual and resident of Parker County, Texas. He may be served with summons at 531 Grant Rd Mineral Wells, TX 76068 or wherever he may be found.

11. Brandon Johnson is an individual and resident of Palo Pinto County, Texas. He may be served with summons at 2603 N. Hwy 281 Mineral Wells, TX 76067 or wherever he may be found.

12. Russell Hess is an individual and resident of Parker County, Texas. He may be served with summons at 1229 River View Road Millsap, TX 76066 or wherever he may be found.

### Summary of the Facts

13. Defendants are individuals who organize and advocate for far-right political candidates and causes in Palo Pinto County. While they identify as Republicans, they actively advocate and campaign against incumbent Republican officials and candidates in the Republican Primary that they deem to be RINOs (Republicans in Name Only). They also actively advocate and campaign against incumbent officials and candidates in non-partisan races that, in their view, are not sufficiently compliant or in sympathy with their positions or right-wing political beliefs. They are also openly hostile against persons who they deem to be Democrats, and persons they

claim are Democrats they think are running as Republicans. They accuse Democrats of being corrupt, running the county, and stealing elections in Palo Pinto County although no Democratic candidate has been elected in Palo Pinto County in decades. They have a long history of posting insulting, harassing, threatening, and intimidating social media posts about various individuals, as well as about local politics in Palo Pinto County, the State of Texas and the United States.

14. The County Annex is the main polling place in the City of Mineral Wells for early voting and voting on election day. During elections in previous years these individuals engaged in electioneering at the County Annex building in Mineral Wells during early voting and on election days. But this year they crossed the line from lawful electioneering into voter intimidation at the polling place and violations of various state election laws. Starting with the primary election on March 5, 2024, the Defendants, acting individually and collectively began a campaign of harassment, abuse and intimidation of voters seeking to cast their ballots at the County Annex. They harassed and sought to intimidate those who disagreed and opposed them in the Republican Primary. This harassing, abusive and intimidating conduct continued during the following municipal election on May 4, 2024.

15. During these two elections, the conduct they engaged in included, but was not limited to the following:

- Parking large RVs and fifth wheel trailers covered in political signs and various flags identified with right wing politics, taking up a large swath of parking spaces, making voting inconvenient and difficult for voters, causing congestion, creating a domineering physical presence at the annex and loitering there throughout the election day.

- Watching and filming people coming to the Annex during voting.

- Filming the entrance to the polling place from beyond the 100-foot distance marker throughout the day and filming the entrance while standing within the 100-foot distance marker and making scenes at the entrance to the Annex as people were attempting to come vote.

- Wearing prohibited electioneering t-shirts and buttons to vote within the 100-foot distance marker and electioneering inside the 100-foot distance marker in violation of state law.

- Confronting people who arrived to vote by meeting and blocking them at their car door so the person would have to listen to them, and standing in the door of the car so people could neither exit the vehicle easily, nor close the door.

- Refusing to leave people alone by following and arguing with people through the parking lot up to the door of the Annex.

- Using foul language and ridiculing people who did not agree with them, calling them commies, fascists, and other such insults.

- Harassing members of the news media who were there to report on the election.

- Getting into verbal and physical altercations with people from opposing campaigns.

16. Defendants created an atmosphere of chaos and intimidation at the Annex during early voting and on election day. In fact, the Mineral Wells Police and County Sheriff have been called to the annex on more than one occasion during these elections. Voters have been intimidated and deterred by the Defendants from exercising their right to vote.  Because of this behavior and the environment around the County Annex both during the primary and the municipal election, at least one voter was deterred from voting because she was afraid.  Other voters were also intimidated, deterred, or discouraged from voting.

17. The actions of Defendants upset many persons in the community, became the talk of the town and resulted in Palo Pinto County enacting, for the first time ever, electioneering rules for the County Annex to try to prevent voter intimidation.  Nevertheless, the conduct continued during the next election.

## CAUSE OF ACTION

**Violation of Section 11(b) of the Voting Rights Act of 1965**
**52 U.S.C. 10307(b)**
**Voting Intimidation**

18.     Plaintiffs hereby incorporate all other paragraphs of this Complaint as if set forth fully herein.

19.     Section 11(b) of the Voting Rights Act creates a private right of action to enjoin persons who intimidate, threaten, or coerce others while attempting to exercise their right to vote. Section 11(b) of the Voting Rights Act specifically provides as follows:

> No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote, or intimidate, threaten, or coerce any person for exercising any powers or duties under section 10302(a), 10305, 10306, or 0308(e) of this title or section 1973d or 1973g of Title 42. 52 U.S.C. § 10307(b).

20.     As set forth above.  Defendants have engaged in a pattern and practice of intimidating voters at the County Annex.  Defendants will continue to intimidate voters during the November general election, and other future elections.  Unless and until enjoined by this Court, Defendants will continue to violate Section 11(b) of the Voting Rights Act, thereby preventing Plaintiff and other eligible voters from exercising their constitutional right to vote, causing them irreparable harm.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiff(s) respectfully pray that this Court enter an order:

1. Declaring the actions of Defendants in violation of Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b) for creating an intimidating atmosphere for voters coming to vote at the County Annex;

2. Permanently enjoining Defendants from engaging in conduct intimidating voters at the County Annex in Mineral Wells, Palo Pinto County, Texas during early voting and on election day;

3. Plaintiffs further request that the Court grant such other and further relief as may be just, including awarding Plaintiffs' costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

DATED:  May 28, 2024

Respectfully submitted,

By: /s/ Jon Mark Hogg
    Jon Mark Hogg
    SBN: 00784286


JON MARK HOGG PLLC.
421 W. Concho Ave
San Angelo, Texas 76903
(325) 777-0455
jmh@jmhogglaw.com

ATTORNEY FOR PLAINTIFFS

7.