**UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **THE 134 PAC LLC, et al and** | § | |
| | § | |
| **V.** | § | **Case No. 4:24-CV-00490-Y** |
| | § | |
| **TERRY LANN MURPHY II, et al** | | |

**PLAINTIFFS'MOTION TO RECONSIDER AND BRIEF INCORPORATED**

TO THE HONORABLE JUDGE REED O'CONNOR

Because Congress manifested an intent to create, a private right of action under Section 11(b), of the Voting Rights Act of 1965 (VRA), Plaintiffs ask the Court to reconsider the Order denying Plaintiffs Application for Preliminary Injunction (ECF 73) dated October 16, 2024.

**PRIVATE RIGHT OF ACTION EXISTS TO ENFORCE SECTION 11(B) OF THE VOTING RIGHTS ACT.**

To determine whether Congress intended to create a private right of action, courts must (1) make the "critical" determination of whether the statute in question contains "rights-creating language"; and, if so, (2) evaluate whether Congress has "manifest[ed] an intent to create a private remedy." *Alexander v. Sandoval*, 532 U.S. 275, 286, 288-89 (2001). Section 11(b) meets both criteria. The right of private citizens to bring suit to enforce Section 11(b) is inherent in the text, structure, and history of the Voting Rights Act.

**1. SECTION 11(B) CONTAINS THE REQUISITE "RIGHTS-CREATING LANGUAGE"**

As already acknowledged by the Court, Section 11(b) contains rights-creating language. *See Colo. Mont. Wyo. State Area Conf. of NAACP v. U.S. Election Integrity Plan*, 653 F. Supp. 3d 861, 868 (D. Colo. 2023) ("The statute contains rights-creating language that pertains to any individual citizen."). The text provides that no one "shall . . . intimidate, threaten, or coerce, or

attempt to intimidate, threaten, or coerce any person for voting or attempting to vote," "any person for urging or aiding any person to vote or attempt to vote," or "any person for exercising any powers or duties under" certain provisions of the VRA. 52 U.S.C. § 10307(b). The text of Section 11(b) thus grants individual citizens a right to be free from intimidation, threats, and coercion in voting, and it specifies individuals protected by the provision—those who are "voting or attempting to vote," "urging or aiding any person to vote or attempt to vote," or "exercising any powers or duties under" the VRA. *Id.*; see also *U.S. Election Integrity Plan*, 653 F. Supp. 3d at 868. It also grants individuals the right to enforce it through private action. *Id.* (citations omitted). The VRA's definitions of "vote" and "voting" further delineate the beneficiaries of the provision: anyone who is taking any "action necessary to make a vote effective" is entitled to be free from intimidation, threats, and coercion while engaging in those activities. 52 U.S.C. § 10310(c)(1).

### 2. CONGRESS MANIFESTED AN INTENT FOR PRIVATE ENFORCEMENT OF SECTION 11(B).

Both the structure and history of the VRA show that Congress manifested an intent for a private right of action under Section 11(b). Section 3 of the VRA provides for certain remedies in actions brought by "the Attorney General or an aggrieved person . . . under any statute to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10302(a), (c) (emphasis added); S. Rep. No. 94-295, at 40 (1975) ("An 'aggrieved person' . . . may be an individual or an organization representing the interests of injured persons."). That Section 3 provides remedies for aggrieved persons to enforce the voting guarantees of the Reconstruction Amendments evinces Congress's intent to allow private enforcement of Section 11(b), which aimed at ensuring that the "theoretical right to vote was [not] successfully thwarted by

intimidation." *See* Voting Rights Act of 1965: Hearing Before the H. Comm. on the Judiciary, 89th Cong. 3; see also S. Rep. No. 94-295, at 40 (1975) ("The Committee concludes that it is sound policy to authorize private remedies to assist the process of enforcing voting rights.").

Likewise, Section 12(f) of the VRA provides that United States district courts "shall have jurisdiction of proceedings instituted pursuant to [Section 12] and shall exercise the same without regard to whether a person asserting rights under the provisions of [the VRA] shall have exhausted any administrative or other remedies that may be provided by law." 52 U.S.C. § 10308(f) (emphasis added). The statutory term "person" "include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1 (emphasis added). The relief from any obligation to exhaust administrative remedies further contemplates private enforcement. *Vote.Org v. Callanen*, 89 F.4th 459, 475 (5th Cir. 2023).

Congress passed the VRA pursuant to its powers under the Fifteenth Amendment. *South Carolina v. Katzenbach*, 383 U.S. 301, 307 (1966). Section 11(b) does not stem from the Elections Clause because the Elections Clause only concerns federal elections, and Section 11(b) prohibits certain conduct for all elections. Cf. U.S. Const. Art. I, § 4. Several courts across the country have recognized that Section 11(b) meets the *Sandoval* test. *See Mich. Welfare Rts. Org. v. Trump*, 600 F. Supp. 3d 85, 105-106 (D.D.C. 2022) (holding that Section 11(b) passes Sandoval test because it is, like Section 10, a "statute designed for enforcement of the guarantees of the Fourteenth and Fifteenth Amendments") (citation omitted); *see also Krabach v. King Cnty.*, No. 2:22-CV-1252, 2023 WL 7018431, at *3 (W.D. Wash. Oct. 25, 2023) (collecting cases); *Wohl II*, 512 F. Supp. 3d at 509 ("[T]his statute sweeps broadly in accordance with Congress's goal of realizing, enforcing, and protecting the Fifteenth Amendment's right to

vote[.]"); *United States v. Clark*, 249 F. Supp. 720, 727 (S.D. Ala. 1965) (holding that "the right of qualified Negroes to register to vote is guaranteed by the Fifteenth Amendment," and, under Section 11(b), "any intimidation or attempts to intimidate any person for the purpose of interfering with this right to register to vote is prohibited").

Section 12(f) reflects Congress's intent that federal courts have subject matter jurisdiction over suits to enforce the VRA's substantive provisions—including Section 11(b)—brought by both private plaintiffs and the United States. *See, Allen v. State Bd. of Elections*, 393 U.S. 544, 555 n.18 (1969) (finding "force" to the argument that Section 12(f) "necessarily implies that private parties may bring suit under the Act").

Section 14(e) of the Voting Rights Act similarly allows for "the prevailing party, other than the United States" to seek attorneys' fees "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10310(e) (emphasis added). That the VRA provides for fees to non-governmental parties prevailing in voting rights litigation supports the existence of a private cause of action to enforce its core provisions, including Section 11(b). *See, Morse v. Republican Party of Va.*, 517 U.S. 186, 233-34 (1996) (opinion of Stevens, J.) (finding that Section 10 of the VRA is privately enforceable because, in part, the VRA allowed the prevailing party to collect attorneys' fees); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 699–701 (1979) (finding an implied private cause of action under Title VI of the Civil Rights Act of 1964 based on the existence of an attorneys' fees provision); see also *Shelby Cnty. v. Lynch*, 799 F.3d 1173, 1185 (D.C. Cir. 2015) ("Congress intended for courts to award fees under the VRA . . . when prevailing parties helped secure compliance with the statute."); *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968) ("Congress therefore

enacted the provision for counsel fees . . . to encourage individuals injured by racial discrimination to seek judicial relief.”).

The idea that Section 11(b) only allows for enforcement by the Attorney General is incorrect. For instance, the Supreme Court in *Allen* determined that the possibility of Section 5 enforcement by the Attorney General did not preclude enforcement by private citizens and held that Section 5 contains an implied private right of action. *Allen*, 393 U.S. at 556-57. The Supreme Court noted that because “[t]he Attorney General has a limited staff and often might be unable to uncover quickly” new violations, “[i]t is consistent with the broad purpose of the Act to allow the individual citizen standing to insure that his city or county government complies with the s[ection] 5 approval requirements.” Id. at 556-57.

The Supreme Court also found that Section 10 of the VRA contains an implied private right of action, even though it contains an express right of action for the Attorney General. *Morse*, 517 U.S. at 230-35 (opinion of Stevens, J.); id. at 240 (Breyer, J., concurring in the judgment); see *Schwier v. Cox*, 340 F.3d 1284, 1294-95 (11th Cir. 2003). VRA provisions granting enforcement authority to the Attorney General do not “cut against” finding an implied private right of action; rather, these provisions merely reflect that Congress had to explicitly provide such authority to the Attorney General, who cannot otherwise sue to enforce individual rights. *See, Allen*, 393 U.S. at 555 n.18 (finding “merit in the argument that the specific references to the Attorney General [in the VRA] were included to give the Attorney General power to bring suit to enforce what might otherwise be viewed as ‘private’ rights”).

### 3. The history of the VRA indicates that Congress intended to create a Section 11(b) private right of action.

The "contemporary legal context" surrounding the VRA's enactment—including that it was passed "against a 'backdrop' of decisions in which implied causes of action were regularly found," *Morse*, 517 U.S. at 231 (opinion of Stevens, J.)—also shows that Congress contemplated private enforcement of Section 11(b). When Congress reenacted and extended the VRA in 1975, it confirmed its intent to maintain "a dual enforcement mechanism" that has "given enforcement responsibility to a governmental agency, and . . . has also provided remedies to private persons acting as a class or on their own behalf." S. Rep. No. 94-295, at 40. Moreover, "during the 1960s[,] the [Supreme] Court had consistently found [private rights of action] notwithstanding the absence of an express direction from Congress," *Morse*, 517 U.S. at 231 (opinion of Stevens, J.). Congress was "aware of this unanimous precedent" when it enacted Section 11(b). *See*, *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 536 (2015). Following the passage of the VRA, the Supreme Court has consistently recognized that Congress intended the VRA to empower private citizens to secure their own rights. *See, Allen*, 393 U.S. at 554–57.

Against this backdrop, the overwhelming majority of courts have properly recognized that a private right of action exists to enforce Section 11(b). *See, e.g.*, *Colo. Mont. Wyo. State Area Conf. of NAACP v. U.S. Election Integrity Plan*, 653 F. Supp. 3d 861, 868 (D. Colo. 2023) ("Section 11(b) can be enforced through a civil action by a private individual."); *Mich. Welfare Rts. Org.*, 600 F. Supp. at 104-106 (conducting an exhaustive analysis and holding that Section 11(b) "creates a private right of action"); *Allen v. City of Graham*, Nos. 1:20-CV-997, 1:20-CV-998, 2021 WL 2223772, at *7 (M.D.N.C. June 2, 2021) (noting that "multiple courts" have

deemed Section 11(b) to "establish[] a private cause of action"); *Rhodes v. Siver*, No. 19-cv-12550, 2021 WL 912393, at *2 (E.D. Mich. Mar. 10, 2021) (holding that private plaintiffs can sue under Section 11(b)); *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 476 (S.D.N.Y. 2020) (*Wohl I*) ("Consistent with Section 11(b)'s broad reach, both the government and private parties may sue to enforce Section 11(b)."); *Ariz. Democratic Party v. Ariz. Republican Party*, No. CV-16-03752, 2016 WL 8669978, at *4 (D. Ariz. Nov. 4, 2016) (stating that Section 11(b) "does not exclude a private right of action for injunctive relief"); *Olagues v. Russoniello*, 770 F.2d 791, 805 (9th Cir. 1985) (finding an implied private right of action for equitable relief under Section 11(b)).

## CONCLUSION

Private parties have a right of action for injunctive relief under Section 11(b) of the VRA. The text, structure and history of the statute reflects the manifest intent of Congress to create a private right of action to enforce the provisions of the VRA. While the Fifth Circuit has not expressly ruled on Section 11(b), it has recognized a private right of action exists under Section 2 of the VRA. *Robinson v. Ardoin,* 86 F. 4th 574, 588 (5th Cir. 2023). The Court's prior decision holding that no private right of action exists under Section 11(b) of the VRA is incorrect. Plaintiffs' respectfully request the Court reconsider this issue, and reconsider Plaintiffs request for preliminary injunctive relief.

Respectfully submitted,

By: /s/ Jon Mark Hogg
Jon Mark Hogg
SBN: 00784286

JON MARK HOGG PLLC.
421 W. Concho Ave.
San Angelo, Texas 76903
jmh@jmhogglaw.com
(325) 777-0455

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

This is to certify that on October 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to all parties or attorneys of record on file. In addition, Defendants were served with this document by U.S. First Class Mail.

/s/ Jon Mark Hogg
Jon Mark Hogg