IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THE 134 PAC LLC, et al | § |
| Plaintiffs, | § |
| v. | § Civil Action No. 4:24-cv-00490-O |
| TERRY LANN MURPHY II, et al | § |
| Defendants. | § |

**ORDER**

Before the Court are Plaintiffs' Motion for Reconsideration (ECF No. 76), filed October 23, 2024; Defendants' Response (ECF No. 80), filed October 28, 2024; and Plaintiffs' Reply (ECF No. 81), filed October 29, 2024. Having considered the Motion, briefing, and applicable law, the Court determines that Plaintiffs' Motion for Reconsideration is **DENIED.**

## I.   BACKGROUND[1]

The Court, having previously denied Plaintiffs' Motion for a Preliminary Injunction, laid out the relevant facts in its Order.[2] Since then, early voting in the 2024 Election has started and Election Day is around the corner on November 5, 2024. Defendants were not enjoined from engaging in electioneering during early voting. Neither party communicated with the Court any information about whether Defendants have electioneered during early voting. After expedited briefing on the Motion for Reconsideration, the Motion is ripe for the Court's adjudication.

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* Pls.' Compl., ECF No. 1.

[2] Oct. 23, 2024 Order 1–2, ECF No. 73.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, but courts consider motions for reconsideration under Rules 54(b), 59, and 60. *Menlo Inv. Grp., LLC v. Fought*, No. 3:12-CV-4182-K BF, 2015 WL 547343, at *3 (N.D. Tex. Feb. 5, 2015). A request to reconsider an interlocutory order, such as an order denying a motion for a temporary restraining order and preliminary injunction, falls under Rule 54(b). *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). So Rule 54(b) applies here.

Under Rule 54(b), a court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

## III.   ANALYSIS

Plaintiffs request the Court to reconsider its denial of the preliminary injunction arguing that Section 11(b) of the Voting Rights Act contains a private right of action. The Court previously held that Plaintiffs were unlikely to succeed on the merits because an implied private right of action does not exist. Plaintiffs' reconsideration arguments do not persuade the Court otherwise, and thus the Court stands by and reincorporates the previous reasoning and analysis here.

For an implied right of action to exist, the statute must have both (1) rights-creating language and (2) language demonstrating congressional intent to provide a private remedy to enforce that right. *Alexander v. Sandoval*, 532 U.S. 275, 286–88 (2001). Plaintiffs and the Court agree that Section 11(b) of the Voting Rights Act contains rights creating language.[3] Plaintiffs'

---

[3] *Id.* at 4 ("Section 11(b) defines a class of persons—any person voting, attempting to vote, or aiding anyone in voting or attempting to vote (among others)—and their right to not be intimidated, threatened, or coerced.").

main dispute with the Court's prior Order is whether "Congress manifested an intent for a private right of action under Section 11(b)."[4] Once again, the Court is not convinced. Despite policy arguments in favor of finding a private right of action, the Court is limited to "[t]he judicial task" of "interpret[ing] the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* at 286 (citing *Transamerica Mort. Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979)). As the Court previously concluded, no implied private right of action is found in the "text and structure" of Section 11(b) of the Voting Rights Act. *Id.* at 287–88.

Additionally, Plaintiffs face a relatively high bar at the preliminary injunction stage of this litigation. A preliminary injunction is an "extraordinary remedy" and will be granted only if the movants carry their burden on all four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (quoting *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)); *see also* FED. R. CIV. P. 65(a). The movant must make a clear showing that the injunction is warranted, and the issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). When, like here, the preliminary injunction goes beyond protecting the *status quo* and instead upsets it, the Court is not inclined to grant an injunction without sound reasoning.

The Court does not dispute that *other provisions* of the Voting Rights Act contain a private right of action, either explicitly or implicitly. Plaintiffs correctly point out that "the Supreme Court in *Allen* determined that the possibility of Section 5 enforcement by the Attorney General did not preclude enforcement by private citizens and held that Section 5 contains an implied private right of action."[5] However, the implied private right of action approach presented in *Allen v. State Board*

---

[4] Pls.' Mot. Recons. 2, ECF No. 76.
[5] *Id.* at 5 (citing *Allen v. State Bd. of Elections,* 393 U.S. 544, 556–57 (1969)).

*of Elections* is no longer the favored approach among courts. *See Zigar v. Abbasi*, 582 U.S. 120, 131–33 (2017). Additionally, the Court in its previous Order discussed why *Morse v. Republican Party of Virginia* does not control this question. 517 U.S. 186 (1996).[6]

Finally, Plaintiffs argue that the "contemporary legal context surrounding the VRA's enactment—including that it was passed against a backdrop of decisions in which implied causes of action were regularly found,—also shows that Congress contemplated private enforcement of Section 11(b)."[7] However, this is the wrong framework for implied private rights of action. "Just five years after *Morse*, the Supreme Court made clear that 'text and structure' are the guideposts, not 'contemporary legal context.'" *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1216 (8th Cir. 2023) (quoting *Sandoval*, 532 U.S. at 287–88.). Here, the text and structure do not support the finding of an implied right of action in Section 11(b) of the Voting Rights Act.

The Court's previous Order acknowledged that other district courts "have concluded that Section 11(b) creates a private right of action"[8] but was not convinced with the reasoning in these decisions. Namely, these courts either summarily concluded a private right of action existed or applied *Morse* and *Allen*, which did not use the "text and structure"[9] analysis, to other provision of the Voting Rights Act. *See, e.g.*, *Colo. Mont. Wyo. State Area Conf. of the NAACP v. U.S. Elec. Integrity Plan*, 653 F. Supp. 3d 861, 868 (D. Colo. 2023) (concluding a private right of action exists without explanation); *Ariz. All. for Retired Ams. v. Clean Elections USA*, No. CV-22-01823-PHX-MTL, 638 F. Supp. 3d 1033, 1041 (D. Ariz. Oct. 28, 2022) (same); *Allen v. City of Graham*, Nos. 1:20-CV-997, 1:20-CV-998, 2021 WL 2223772, at *7 (M.D.N.C. June 2, 2021) (same); *Ariz.*

---

[6] Oct. 23, 2024 Order 6, ECF No. 73 ("[T]he Court here has good reason not to extend Morse because it identified an implied private right of action under Section 10—not Section 11—and was decided before the Supreme Court in Sandoval created a new approach to implied private rights of action.").
[7] Pls.' Mot. Recons. 6, ECF No. 76 (citation and internal quotation marks omitted).
[8] Oct. 23, 2024 Order 5, ECF No. 73.
[9] *Sandoval*, 532 U.S. at 287–88.

*Democratic Party v. Ariz. Republican Party*, No. CV-16-03752-PHX-JJT, 2016 WL 8669978, at *4 (D. Ariz. Nov. 4, 2016) (relying on *Allen v. State Bd. of Elections*); *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 476 (S.D.N.Y. 2020) (relying on *Ariz. Democratic Party*); *Mich. Welfare Rights Organization v. Trump*, 600 F. Supp. 3d 85, 104–06 (D.D.C. 2022) (relying on *Morse* as a controlling decision).

To this effect, there is no controlling decision that holds Section 11(b) contains a private right of action. Accordingly, the Court stands on its previous analysis and concludes that Plaintiffs are unlikely to succeed on the merits.

## IV.   CONCLUSION

Concluding that modification of the Court's prior Order is not warranted, the Court hereby **DENIES** Plaintiffs' Motion for Reconsideration.

**SO ORDERED** this **1st** day of **November, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**